CASE NO: 1:25-cr-10131-DJC

United States of America

v.

Christopher Flanagan

Defendant

## Defendants Memorandum of Law in Support of Motion to Dismiss Count Six of the Indictment

Now comes the Defendant in the above-captioned matter and respectfully submits this Memorandum of Law in support of his Motion to Dismiss Count Six of the Indictment pursuant Fed. R. Crim. P. 12. In support of his motion, the Defendant states that the facts as alleged in the Indictment do not show, or even support a reasonable inference, that he submitted false documents intended to influence "the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States" as required by 18 USCS § 1519.

## The Indictment

The indictment alleges that the Defendant submitted certain false documents to the Massachusetts Office of Campaign and Political Finance ("OCPF"). Dkt -#1 at ¶21-23. Specifically, the indictment alleges that the Defendant submitted false expense report documents to OCPF in response to an inquiry regarding the Defendant's campaign finance activities. *Id.*

The indictment further alleges that these alleged false documents were submitted with the intent to impede, obstruct, or influence an investigation within the jurisdiction of the United States Postal Inspectors Service. *Id.* at ¶27.

## Standard of Review

"An indictment, or a portion thereof, may be dismissed if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Mubayyid*, 476 F. Supp. 2d 46, 50 *quoting United States v. Labs of Virginia, Inc.,*272 F. Supp. 2d 764, 768 (N.D. Ill. 2003). "In considering a motion to dismiss an indictment, the Court assumes all facts in the indictment to be true and views all facts in the light most favorable to the government." *Id.* "Pure questions of law are properly considered on a pretrial motion to dismiss." *United States v. Castillo*, 537 F. Supp. 3d 120, 124 *Citing United States v. Gomez-Ramirez*, 365 F. Supp. 3d 226, 230 (D. Mass. 2019).

## Argument

I.  **Count Six of the Indictment must be dismissed where the indictment fails to allege a factual basis to support a claim that the defendant obstructed a matter within the jurisdiction of the United States**

   *a.  18 USCS § 1519's Jurisdictional Limits*

18 U.S.C.S §1519 maintains:

"Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.*"*

While the First Circuit has yet to take up the issue of the jurisdictional limits of §1519, other circuits have consistently held that while the statute does not require a defendant to possess

an intent to impede an ongoing or prospective investigation by the United States, it does require that the matter obstructed factually fall within the jurisdiction of a federal agency. *See United States v. Hassler,* 992 F.3d 243, 247 (4th Cir 2021) (noting §1519 grants jurisdiction over obstructive acts intended to impede investigations of any matter that happens to be within the federal government's jurisdiction); *United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012) ("[Section 1519] does not require the Government to prove that he intended to obstruct a federal investigation. Rather, the plain language of the statute only requires the Government to prove that [the defendant] intended to obstruct the investigation of *any* matter that happens to be within the federal government's jurisdiction."); *United States v. Vastardis,* 19 F.4th 573, 585 (2nd Cir 2021)(" [i]t is sufficient that the 'matter' [under investigation] is within the jurisdiction of a federal agency as a factual matter."); *United States v. Yielding*, 657 F.3d 688, 714 (11th Cir 2011)("[§1519] requires proof that an accused *knowingly* falsified a document, with *intent* to impede, obstruct, or interfere with the investigation or proper administration of a matter. It is sufficient that the "matter" is within the jurisdiction of a federal agency as a factual matter.").

### b. *Jurisdiction of the United States Postal Inspector's Service*

The Postal Service has statutory authority "to investigate postal offenses and civil matters relating to the Postal Service." 39 U.S.C. § 404(a)(7); *see also* 18 U.S.C. §§ 3061(a) & (b)(1) (stating that postal inspectors have the authority to serve warrants, issue subpoenas, make certain warrantless arrests, etc., with respect to "postal offenses"); *United States v. Jones*, 13 F.3d 100, 102 (4th Cit 1994) ( Postal Inspector has jurisdiction "to investigate postal offenses and civil matters relating to the Postal Service.")

The Postal Inspector does not have jurisdiction to investigate state campaign finance activities. *See Santoni v. Potter*, 369 F.3d 594, 599 (1st Cir 2004) ("Postal inspectors are not authorized under federal law to execute a warrant or make an arrest for a state law offense.")

### c. *Application to Defendant's case*

In the indictment the Defendant is alleged to have submitted certain false expense reports to OCPF as part of an inquiry into his campaign finance activities related to his candidacy for the Massachusetts House of Representatives. The *actus rea* as alleged in Count Six of the indictment was the "creating and submission of Expense Report 1 and Expense Report 2 to OCPF." DKT-#1 at ¶27. OCPF's inquiry relating to these expense reports was limited to determining whether the Defendant complied with M.G.L. c. 55 §9, which governs campaign donations over $100. The investigation in no way involved allegations of violation of federal campaign finance laws, any postal offenses, or any matter within the jurisdiction of any federal agency.

The Ninth Circuit's analysis in *United States v. Singh* is instructive. 979 F.3d 697 (9th Cir. 2020)*.* In *Singh*, following his conviction, the Defendant challenged the denial of his motion to dismiss and request for certain jury instructions. *Id.* Specifically, the Defendant challenged whether the alleged false statements he made to San Diego County campaign finance authorities violated §1519. *Id.* at 790. In its ruling, the Court noted "that violations of state campaign disclosure laws do not fall within the jurisdiction of the United States." *Id.* Ultimately, the Court found jurisdiction under §1519 because the specific campaign finance investigation involved contributions from foreign nationals in violation of Federal Election Campaign Act (52 U.S.C. § 30121**)**, which was properly within the jurisdiction of the FBI. *Id.* Here, unlike in *Singh,* the Government does not allege any facts that would confer jurisdiction under §1519.

To the extent the Government contends that OCPF's inquiry into the Defendant's conduct regarding a specific campaign mailer confers jurisdiction on the Postal Inspection Service over all OCPF matters involving the Defendant, that argument is misplaced. Count Six of the Indictment plainly concerns the submission of allegedly false expense reports in connection with OCPF's inquiry into specific deposits from the Defendant's personal bank account into his campaign account. There is no allegation that those deposits were in any way related to the campaign mailer.

Accepting the Government's position—that any state inquiry which at some point touches a matter arguably within the Postal Inspection Service's jurisdiction automatically brings all subsequent, unrelated inquiries within that same jurisdiction—would effectively render § 1519's jurisdictional requirement meaningless.

OCPF's investigation into the expense reports was limited to assessing compliance with state campaign finance disclosure laws, a matter solely within the jurisdiction of the Commonwealth of Massachusetts under M.G.L. c.55 and not a matter within the jurisdiction of the United States.

## **Conclusion**

Wherefore, the Defendant respectfully requests this Honorable Court dismiss Count Six of the indictment.

Respectfully Submitted,

Christopher Flanagan

By his attorney,

/s/ Jess Megee

James Jess Megee
BBO #691911
Henning Strategies
55 Court Street, Ste 520
Boston, MA 02111
Jess.megee@henningstrategies.com
617-299-6534

Dated:  March 25, 2026

## Certificate of Service

I, James Jess Megee, hereby certify that on this date, March 25, 2026, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants.

/s/ Jess Megee
_____
**James Jess Megee**